**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN MOUTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C.C.W.F. STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01708 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE CASE |

Plaintiff Joann Mouton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 4, 2014. The action was transferred to this Court on October 30, 2014. Plaintiff names Correctional Officer J. Aguilar and Sergeant Perez as Defendants. Plaintiff consented to the jurisdiction of a magistrate judge on November 19, 2014.

**A.      SCREENING REQUIREMENT**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Institution for Women in Corona, California. She was incarcerated at the Central California Women's Facility in Chowchilla, California when the events at issue occurred.

Plaintiff alleges as follows. On February 19, 2014, Plaintiff went out for a sexual assault. On returning to the facility, she went to the crisis center and then went to EOP. On February 20, 2014, Defendant Gomez and correctional officer Magdellanio packed and sent all of her property. Defendant Aguilar in the property department then lost all of the property due to his negligence in logging the two boxes. Plaintiff tried to resolve the issue but Defendant Aguilar stated he didn't care and to buy more. Defendant Perez laughed and didn't care about the matter.

Plaintiff requests compensation in the amount of $1,500.00.

**C.     DISCUSSION**

   1.     Due Process - Property

Section 1983 claims must be premised on the violation of the Constitution or other federal

2

rights. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). However, the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Here, Plaintiff alleges that Defendants negligently lost her property. Thus, Plaintiff's loss of property was unauthorized. Plaintiff has an adequate post-deprivation remedy under California law and therefore, her attempt to pursue a claim under federal law for the loss of her property fails as a matter of law. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Since Plaintiff's claim fails as a matter of law and any amendment would be futile, the Complaint must be dismissed without leave to amend.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim; and

2.      The Clerk's Office is DIRECTED to terminate the case.

IT IS SO ORDERED.

Dated:   **September 9, 2015**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE

3